907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank AKIODE, Defendant-Appellant.
 No. 88-7759.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 14, 1990.
Decided June 15, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR No. 84-48-S; C/A No. 88-1966-S)
 Frank Akiode, appellant pro se.
 Arthur Friend Fergenson, Glenda Gay Gordon, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Frank Akiode appeals from the district court's order refusing relief under 28 U.S.C. Sec. 2255. In his motion, Akiode alleged that he was denied the effective assistance of counsel on appeal because he had no representation on appeal. In support of his allegations Akiode relies on letters that he received from his appellate counsel, Mr. Kuentz, and from the federal public defender who represented a codefendant in the direct appeal, but who was lead counsel for all appellants for briefing and argument purposes. From the wording in the letters Akiode concludes that he was without representation on his direct appeal. The district court concluded that the claim was frivolous and dismissed the Sec. 2255 application under Rule 4(b), Rules Governing Sec. 2255 cases. We agree that dismissal was appropriate and affirm.
 
 
 2
 The letter from Mr. Kuentz in no way suggests that he did not properly perform his duties as Akiode's appellate counsel. Instead, it was merely a recommendation to Akiode that the public defender's office might be willing to represent him in his postconviction proceedings because of its prior involvement in his representation on direct appeal. Other evidence in the record clearly demonstrates that Mr. Kuentz knew that he continued to serve as Akiode's counsel on direct appeal. For example, Mr. Kuentz mailed Akiode a copy of this court's opinion denying the appeal. Mr. Kuentz would have had no reason to perform this task unless he believed that he continued to serve as Akiode's counsel on appeal.
 
 
 3
 Akiode has not shown that his appellate counsel did not fulfill their duties or that lead counsel did not adequately argue Akiode's case. Moreover, he has not shown what non-frivolous claims counsel should have raised but did not, what prejudice he has suffered from the failure to raise additional claims, or what additional arguments should have been made but weren't. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.